UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **TYLER MILLER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **CITY OF PORTLAND, PORTLAND** | ) | |
| **POLICE DEPARTMENT,** a Municipal | ) | COMPLAINT |
| Corporation organized and existing under | ) | |
| the laws of the State of Maine; | ) | and |
| | ) | |
| and | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| **OFFICER BENJAMIN MORELAND,** | ) | |
| Individually and as an employee of the | ) | |
| Portland Police Department. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

NOW COMES the Plaintiff, Tyler Miller, by and through his undersigned counsel, Nicholas J.K. Mahoney, and complains against Defendants as follows:

### JURISDICTION

1.    This action arises under 42 U.S.C. §§ 1983, 1985, and 1988; the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; Article 1 Sections1, 6, and 6-A of the Maine Constitution; 5 M.R.S.A. § 4682 (the Maine Civil Rights Act); 15 M.R.S.A. § 704; and 14 M.R.S.A. § 8101 *et seq.*(the Maine Tort Claims Act).

2.    This Honorable Court has jurisdiction of the Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1331 and 1343.

3.     This Honorable Court may exercise supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

4.     This Honorable Court has jurisdiction over each of the Defendants herein pursuant to M.R.S.A. § 704-A, in that each Defendant is domiciled in the State of Maine.

**VENUE**

5.     Venue is properly before this Court pursuant to 28 U.S.C. § 1391 and Rule 9(a) of the Rules of the United States District Court for the District of Maine and in that all acts complained of occurred in Cumberland County, State of Maine.

**PARTIES**

6.     Plaintiff, Tyler Miller, is a citizen of the United States and a resident of the State of North Carolina, residing in Flat Rock.

7.     Defendant City of Portland is a municipal corporation and political subdivision of the State of Maine and holds a general liability insurance policy that provides coverage for the claims mentioned herein.

8.     Defendant Portland Police Department is a municipal corporation and political subdivision of the State of Maine and was as all times mentioned herein was responsible for the training, supervision, and conduction of Defendant Officer Benjamin Moreland.

9.     Defendant Portland Police Department is further responsible for enforcing the regulations of their department, making and enforcing policies that protect the constitutional rights of citizens, and for ensuring that the City of Portland Police

Officers employed obey the laws of the State of Maine and the United States of America.

10.     Defendant Benjamin Moreland was at all times mentioned herein a duly appointed and acting police officer of the police department of the city of Portland.

11.     At all times herein Defendant Moreland was acting in the capacity of agent, servant, and employee of the City of Portland and State of Maine.

12.     Plaintiff sues all the Defendants in their individual, as well as official capacities, and all governmental entities have been served with the Plaintiff's Notice of Claim pursuant to the Maine Tort Claims Act, on or before June 17th, 2003. *See* Plaintiff's Notice of Claim hereto attached as Exhibit A.

## STATEMENT OF FACTS

13.     On or about January 13th, 2003, the Plaintiff was placed under arrest by the Saco Police Department.

14.     The Saco Police Department was unable to transport the Plaintiff to the Cumberland County Jail and Saco Police Department arranged for Defendant Moreland to transport him to Cumberland County Jail.

15.     Defendant Moreland deliberately slammed his vehicle's door on the Plaintiff's hand crushing his hand with the door.

16.     The Plaintiff was handcuffed and complying with all orders of Defendant Moreland.

17.     Defendant Moreland acted without provocation or justification when he slammed the door on the Plaintiff's hand.

3

18.    Prior to this incident, the Plaintiff was compliant with all orders from law enforcement.

19.    The Plaintiff immediately reported to Defendant Moreland that he had injured the Plaintiff's hand, but Defendant Moreland did nothing in way to ascertain if these injuries existed or not.

20.    Upon being released to the custody of the Cumberland County Jail, Plaintiff informed the jail staff that he was injured and that Defendant Moreland had struck him with the cruiser's door deliberately.

21.    On or about January 28th, 2003, Cumberland County Jail transported the Plaintiff to an orthopedic physician, who diagnosed a fractured hand which required surgery to correct.

22.    As a direct result of Defendant Moreland's actions, the Plaintiff suffered a fractured hand, permanent scarring and permanent damages including limited use and numbness to his hand, as well as emotional distress.

23.    The Plaintiff's injuries were complicated by the delay in which he received medical treatment for his injuries.

## COUNT I

## VIOLATION OF 42 U.S.C. § 1985

24.    The Plaintiff herein incorporates each and every allegation contained and averment in Paragraphs 1 through 23 as fully set forth herein.

25.    Defendants acted in concert and agreed to commit acts against the Plaintiff to deny the protections guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Untied States Constitution.

26.    Defendants' actions inflicted a wrong and/or injury upon the Plaintiff that resulted in damages.

27.    Defendants' actions showed a deliberate, malicious, reckless and/or callous regard of, or indifference to, the rights of the Plaintiff.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff the following relief:

a.   An amount of damages deemed reasonable by the trier of fact sufficient to compensate the Plaintiff.

b.   Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c.   An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.   Costs and attorneys fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.   Any such further relief that this Court deems proper and just in this instance.

## COUNT II

### VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT MORELAND

28.    Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 27 as fully set forth herein.

29.    Defendant Moreland unreasonably and/or intentionally committed acts and/or omissions while acting under color of state law that violated the Plaintiff's clearly established rights to bodily integrity, to be free from the use of excessive force,

5

and his right to an action to pursue a claim for the deprivation of these rights as enumerated by the Fourth Amendment to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

30.    Defendant Moreland unreasonably and/or intentionally committed acts and/or omissions while acting under the color of state law that violated the Plaintiff's clearly established right to due process as enumerated by the Fourteenth Amendments to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

31.    A reasonable person would have known that the acts and/or omissions committed by Defendant Moreland violated the Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

32.    The unlawfulness of Defendant Moreland's acts and/or omissions were apparent at the time they were committed in light of pre-existing law.

33.    Defendant Moreland's actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of the Plaintiff.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendant, and award the Plaintiff the following relief:

a.    An amount of damages deemed reasonable by the trier of fact sufficient to compensate the Plaintiff.

b.    Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

   c.  An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

   d.  Costs and attorneys fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

   e.  Any such further relief that this Court deems proper and just in this instance.

## COUNT III

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT CITY OF PORTLAND

34.    Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 33 as fully set forth herein.

35.    The policy and customs of the City of Portland and its policy makers comprise the cause of and the moving force behind the constitutional violations at issue in this Complaint.

36.    At all relevant times Defendant was a policy maker for Defendant Portland Police Department and/or Defendant Moreland.

37.    At all relevant times Defendant City of Portland acquiesced in a police custom or policy that violates clearly established constitutional rights.

38.    Defendant City of Portland's policies and customs caused the deprivation of the Plaintiff's clearly established constitutional and statutory rights and are tantamount to reckless, callous, or deliberate indifference to the rights of the Plaintiff.

39.    Defendant City of Portland's actions showed a malicious, reckless, or callous disregard of, or indifference to, the rights of the Plaintiff.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff the following relief:

    a.   An amount of damages deemed reasonable by the trier of fact sufficient to compensate the Plaintiff.

    b.   Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

    c.   An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

    d.   Costs and attorneys fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

    e.   Any such further relief that this Court deems proper and just in this instance.

**COUNT IV**

**VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT PORTLAND POLICE DEPARTMENT**

40.    Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 39 as fully set forth herein.

41.    The policy and customs of the Portland Police Department and its policy makers comprise the cause of and the moving force behind the constitutional violations at issue in this Complaint.

42.    At all relevant times Defendant was a policy maker for Defendant Moreland.

43.    At all relevant times Defendant Portland Police Department acquiesced in a police custom or policy that violates clearly established constitutional rights.

44.     Defendant Portland Police Department's policies and customs caused the deprivation of the Plaintiff's clearly established constitutional and statutory rights and are tantamount to reckless, callous, or deliberate indifference to the rights of the Plaintiff.

45.     Defendant Portland Police Department's actions showed a malicious, reckless, or callous disregard of, or indifference to, the rights of the Plaintiff.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff the following relief:

a.   An amount of damages deemed reasonable by the trier of fact sufficient to compensate the Plaintiff.

b.   Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.   An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.   Costs and attorneys fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.   Any such further relief that this Court deems proper and just in this instance.

**COUNT V**

**VIOLATION OF MAINE CIVIL RIGHTS ACT 5 M.R.S.A. § 4682**

46.     Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 45 as fully set forth herein.

47.     Defendants intentionally attempted to interfere by physical force with the exercise and enjoyment of Plaintiff's rights secured by the United States and Maine Constitutions and the laws of the Untied States and the State of Maine.

48.     The aforementioned acts of Defendants caused the Plaintiff harm.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff the following relief:

a.  An amount of damages deemed reasonable by the trier of fact sufficient to compensate the Plaintiff.

b.  Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c.  An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.  Costs and attorneys fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.  Any such further relief that this Court deems proper and just in this instance.

**VI**

**NEGLIGENCE – CITY OF PORTLAND**

49.     Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 48 as fully set forth herein.

50.     Defendant City of Portland negligently and improperly trained Defendant Officer Moreland, and with reckless and with callous disregard for the rights of individuals, such as Plaintiff, allowed the Defendant Officer to disregard the

rights of accused individuals and any implemented policies with regard to the detention of accused individuals.

51.     As a direct result of Defendant City of Portland's negligence, improper training and with callous and reckless disregard of the rights of individuals, including Plaintiff, allowed the Defendant Officer to deny the Plaintiff his civil rights and suffer harm.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff the following relief:

a.   An amount of damages deemed reasonable by the trier of fact sufficient to compensate the Plaintiff.

b.   Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c.   An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.   Costs and attorneys fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.   Any such further relief that this Court deems proper and just in this instance.

## VII

## NEGLIGENCE – PORTLAND POLICE DEPARTMENT

52.     Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 51 as fully set forth herein.

11

53.    Defendant Portland Police Department negligently and improperly trained Defendant Officer Moreland, and with reckless and with callous disregard for the rights of individuals, such as Plaintiff, allowed the Defendant Officer to disregard the rights of accused individuals and any implemented policies with regard to the detention of accused individuals.

54.    As a direct result of Defendant Portland Police Department's negligence, improper training and with callous and reckless disregard of the rights of individuals, including Plaintiff, allowed the Defendant Officer to deny the Plaintiff his civil rights and suffer harm.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff the following relief:

a.    An amount of damages deemed reasonable by the trier of fact sufficient to compensate the Plaintiff.

b.    Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c.    An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.    Costs and attorneys fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.    Any such further relief that this Court deems proper and just in this instance.

## COUNT VIII

## ASSAULT – DEFENDANT MORELAND

55.     Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 54 as fully set forth herein.

56.     Defendant Moreland placed Plaintiff in fear of imminent bodily harm and fear for his life.

57.     Defendant Moreland attempted to, and did in fact; touch the Plaintiff in an offensive manner.

58.     Defendant Moreland's actions were deliberate, unlawful, malicious, reckless, wanton, disproportionate to the amount of force necessary to perform his duty and otherwise taken in bad faith.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff the following relief:

a.   An amount of damages deemed reasonable by the trier of fact sufficient to compensate the Plaintiff.

b.   Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.   An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.   Costs and attorneys fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.   Any such further relief that this Court deems proper and just in this instance.

## COUNT IX

### BATTERY – DEFENDANT MORELAND

59.     Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 58 as fully set forth herein.

60.     Plaintiff alleges that the Defendant Moreland placed him in imminent fear for his life and bodily harm.

61.     Plaintiff alleges that when Defendant Moreland slammed the Plaintiff's hand in his cruiser's car door and crushed his hand with the door, these actions were intentional and meant to cause harmful or offensive contact to the Plaintiff.

62.     Plaintiff alleges that Defendant Moreland's contact with Plaintiff was harmful and directly caused his injuries.

63.     Defendant Moreland's actions were deliberate, unlawful, malicious, reckless, wanton, disproportionate to the amount of force necessary to perform his duty and otherwise taken in bad faith.

64.     Defendant Moreland's actions were intended to cause harmful or offensive contact with the Plaintiff and his actions were in fact harmful to the Plaintiff.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff the following relief:

a.   An amount of damages deemed reasonable by the trier of fact sufficient to compensate the Plaintiff.

b.   Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

    c.  An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

    d.  Costs and attorneys fees to the extent allowable by law. *See* 42 U.S.C. § 1988.

    e.  Any such further relief that this Court deems proper and just in this instance.

## COUNT X

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65.    Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 64 as fully set forth herein.

66.    Defendants have intentionally or recklessly inflicted severe emotional distress or knew it was certain or substantially certain that such distress would result from their conduct.

67.    Defendants conduct was so extreme and outrageous as to exceed the bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

68.    Defendants' actions caused the Plaintiff emotional distress that is so severe that no reasonable man should be expected to endure it.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff the following relief:

    a.  An amount of damages deemed reasonable by the trier of fact sufficient to compensate the Plaintiff.

b.  Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c.  An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.  Costs and attorneys fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.  Any such further relief that this Court deems proper and just in this instance.

## COUNT XI

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

69.  Plaintiff herein incorporates each and every allegation and averment contained in Paragraphs 1 through 68 as fully set forth herein.

70.  Defendants negligently or recklessly inflicted severe emotional distress or knew it was certain or substantially certain that such distress would result from their conduct.

71.  Defendants conduct was so extreme and outrageous as to exceed the bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

72.  Defendants' actions caused the Plaintiff emotional distress that is so severe that no reasonable man should be expected to endure it.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff the following relief:

a.  An amount of damages deemed reasonable by the trier of fact sufficient to compensate the Plaintiff.

b.  Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c.  An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.  Costs and attorneys fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.  Any such further relief that this Court deems proper and just in this instance.

## JURY REQUEST

Plaintiff hereby requests a jury trial.

Dated this 11th day of January, 2005.          /s/ **NICHOLAS J. K. MAHONEY, ESQUIRE**
Bar Registration No. 8047
64 Alfred Street, Suite #203
P.O. Box 581
Biddeford, ME 04005-0581
(207) 284-6996

Attorney for the Plaintiff.

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **TYLER MILLER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **CITY OF PORTLAND, PORTLAND** | ) |
| **POLICE DEPARTMENT,** a Municipal | ) |
| Corporation organized and existing under | ) |
| the laws of the State of Maine; | ) |
| | ) |
| and | ) |
| | ) |
| **OFFICER BENJAMIN MORELAND,** | ) |
| Individually and as an employee of the | ) |
| Portland Police Department. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## CERTIFICATE OF SERVICE

I, Nicholas J.K. Mahoney hereby certify that on January 12th, 2005, I electronically filed

the Complaint and Demand for Jury Trial with the Clerk of Court using the CM/ECF system.

Dated this 12th day of January, 2005.

/s/ **NICHOLAS J.K. MAHONEY, ESQUIRE**
Bar Registration No. 8047
64 Alfred Street, Suite #203
P.O. Box 581
Biddeford, ME 04101-0581
(207) 284-6996
nmahoney@surfglobal.net

Attorney for the Plaintiff.

18